UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| TOWER REINFORCEMENT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CROWN CASTLE INTERNATIONAL CORP., CROWN CASTLE OPERATING CO., CROWN CASTLE U.S.A, INC. and AERO SOLUTIONS, LLC,<br><br>Defendants. | Civil Action No. 3:12-cv-00060-SEB-WGH |

**ANSWER AND COUNTERCLAIMS OF AERO**
**SOLUTIONS, LLC TO COMPLAINT**

For Its Answer to the Complaint, defendant Aero Solutions, LLC ("Aero") states and alleges as follows:

**THE PARTIES**

1. Aero is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Aero is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. Aero is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. Aero is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. This paragraph does not set out a factual averment and does not require an answer.

6. Admitted.

## JURISDICTION AND VENUE

7. Aero admits that the Complaint purports to state a cause of action for patent infringement under Title 35 of the United States Code but denies that plaintiff has any such cause of action.  Aero does not contest subject matter jurisdiction.

8. The allegations of paragraph 8 are not directed to Aero and, therefore, no answer is required.

9. Aero does not contest personal jurisdiction in this judicial district but denies that it has committed any acts of patent infringement in this judicial district or in any other district.

10. Aero does not contest venue in this district.

## THE ASSERTED PATENTS

11. Aero repeats and reasserts its responses to the repeated allegations of paragraph 1-10 of the Complaint as if fully set forth herein.

12. Aero admits that United States Patent No. 7,849,659 ("the '659 patent") shows on its face that it was issued on December 14, 2010 but denies that it was duly and legally issued by the United States Patent and Trademark Office.  Aero admits that a copy of the '659 patent was attached to the Complaint as Exhibit A.  Aero is without knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 12 of the Complaint.

13. Aero admits that United States Patent No. 8,046,972 ("the '972 patent") shows on its face that it was issued on November 1, 2011 but denies that it was duly and legally issued by the United States Patent and Trademark Office. Aero admits that a copy of the '972 patent was attached to the Complaint as Exhibit B. Aero is without knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 13 of the Complaint.

14. Aero admits that United States Patent No. 8,156,712 ("the '712 patent") shows on its face that it was issued on April 17, 2012 but denies that it was duly and legally issued by the United States Patent and Trademark Office. Aero admits that a copy of the '712 patent was attached to the Complaint as Exhibit C. Aero is without knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 14 of the Complaint.

## COUNTS I-III

15-35. The allegations of paragraphs 15 through 35 of the Complaint are not directed to Aero; and, accordingly, no answer is required.

## COUNT IV: ALLEGED INFRINGEMENT OF THE '659 PATENT

36. Aero repeats and reasserts its responses to the repeated allegations of paragraphs 1 through 35 as if fully set forth herein.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

### **COUNT V:  ALLEGED INFRINGEMENT OF THE '972 PATENT**

43. Aero repeats and reasserts its responses to the repeated allegations of paragraphs 1 through 42 as if fully set forth herein.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

### **COUNT VI:  ALLEGED INFRINGEMENT OF THE '712 PATENT**

50. Aero repeats and reasserts its responses to the repeated allegations of paragraphs 1 through 49 as if fully set forth herein.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

## AFFIRMATIVE DEFENSES

By and for its affirmative defenses, Aero alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

57. The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

58. The Complaint in this action is defective in that it fails to specify what claims of the '659 patent, the '972 patent, and the '712 patent are allegedly infringed by Aero.

## THIRD AFFIRMATIVE DEFENSE

59. Aero has not infringed and is not now infringing any valid and enforceable claim of the '659 patent, the '972 patent, and the '712 patent, and is not liable for infringement thereof.

## FOURTH AFFIRMATIVE DEFENSE

60. The claims of the '659 patent, the '972 patent, and the '712 patent asserted by Plaintiff against Aero in this litigation are anticipated and/or made obvious by prior art and are invalid under 35 U.S.C. §§102 and 103.

## FIFTH AFFIRMATIVE DEFENSE

61. Upon information and belief, and as will likely be supported by the evidence after a reasonable opportunity for further investigation and discovery, those claims of the

'659 patent, the '972 patent, and the '712 patent asserted by Plaintiff against Aero in this litigation are invalid for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §112.

## SIXTH AFFIRMATIVE DEFENSE

62.  Upon information and belief, and as will likely be supported by the evidence after a reasonable opportunity for further investigation and discovery, those claims of the '659 patent, the '972 patent, and the '712 patent asserted by Plaintiff against Aero are so limited by the prior art, by their terms, and/or by representations made to the United States Patent and Trademark Office during prosecution of the applications that resulted in the issued patents, that Plaintiff is barred by estoppel from asserting infringement thereof by Aero.

## SEVENTH AFFIRMATIVE DEFENSE

63.  Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, laches, and/or acquiescence.

## EIGHTH AFFIRMATIVE DEFENSE

64.  To the extent that Plaintiff seeks damages for any alleged infringement prior to its giving actual notice of the patents-in-suit to Aero, its claims are barred pursuant to 35 U.S.C. §287(a).

## NINTH AFFIRMATIVE DEFENSE

65.  Plaintiff is precluded from recovery of its costs under 35 U.S.C. §288.

## TENTH AFFIRMATIVE DEFENSE

66. Aero reserves the right to raise additional affirmative defenses as they arise during the course of discovery.

## DEMAND FOR RELIEF

WHEREFORE, Aero demands that:

A.  Plaintiff's Complaint against Aero be dismissed with prejudice and that judgment be entered for Aero;

B.  This case be adjudged and decreed exceptional under 35 U.S.C. §285 entitling Aero to award of its reasonable attorneys fees, and that such reasonable attorneys fees be awarded;

C.  Aero be awarded its costs and expenses;

D.  Aero be awarded such other and further relief as the Court decrees just and proper.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

Aero, for its counterclaim for declaratory judgment against Plaintiff, alleges as follows:

## THE PARTIES

1. Defendant, Aero Solutions, LLC ("Aero"), is a limited liability company organized and existing under the laws of the State of Colorado, with its principal place of business located at 5500 Flatiron Parkway, Suite 100, Boulder, Colorado 80301.

2. Upon information and belief, Plaintiff Tower Reinforcement, Inc. ("Tower"), is a corporation organized and existing under the laws of the State of Indiana having its principal place of business at 4763 Rosebud Lane, Suite A, Newburgh, Indiana, 47630.

## JURISDICTION AND VENUE

3. This action arises under the Patent Laws of the United States, Title 35, United States Code.  Jurisdiction is invoked pursuant to 28 U.S.C. §§1331 and 1338(a) and the Federal Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202 for declaratory judgment of invalidity and noninfringement of United States Patent Nos.  7,849,659 (the "'659 patent"), 8,046,972 ("the '972 patent"), and 8,156,712 ("the '712 patent").  Copies of the '659 patent, the '972 patent, and the '712 patent are attached to Plaintiff's Complaint as Exhibits A, B, and C, respectively.

4. This action is based upon an actual and continuing controversy between the parties with respect to the purported validity and infringement of the '659 patent, the '972 patent, and the '712 patent.

5. Based upon Plaintiff's initiating this action in this judicial district, and Plaintiff being an Indiana corporation, this Court has personal jurisdiction over Plaintiff.

6. Venue in this Court is based upon 28 U.S.C. §§1391 and 1400(b).

## COUNT I

7. Based upon the Complaint filed by Plaintiff Tower, in which Tower alleges infringement by Aero of the '659 patent, the '972 patent, and the '712 patent, there is an actual controversy pursuant to 28 U.S.C. §2201 regarding the validity and infringement of the claims of those patents.

8. Aero has not and is not now infringing any valid and enforceable claim of the '659 patent, the '972 patent, and the '712 patent, and has not contributed to or induced and is not otherwise contributing to or inducing infringement of any valid and enforceable claim of the '659 patent, the '972 patent, and the '712 patent.

9. The '659 patent, the '972 patent, and the '712 patent are invalid and void for failure to comply with the statutory requirements of patentability specified in Title 35 U.S.C. including, but not limited to, 35 U.S.C. §§102, 103 and 112.

## DEMAND FOR RELIEF

WHEREFORE, Aero demands:

A. That a declaratory judgment be entered that U.S. Patent No. 7,849,659 is invalid and void.

B. That a declaratory judgment be entered that U.S. Patent No. 8,046,972 is invalid and void.

C. That a declaratory judgment be entered that U.S. Patent No. 8,156,712 is invalid and void.

D. That a declaratory judgment be entered that Aero has not infringed and is not infringing any valid and enforceable claim of United States Patent No. 7,849,659, and has not

9

contributed to or induced and is not contributing to or inducing infringement of any valid and enforceable claim of the '659 patent.

E.  That a declaratory judgment be entered that Aero has not infringed and is not infringing any valid and enforceable claim of United States Patent No. 8,046,972, and has not contributed to or induced and is not contributing to or inducing infringement of any valid and enforceable claim of the '972 patent.

F.  That a declaratory judgment be entered that Aero has not infringed and is not infringing any valid and enforceable claim of United States Patent No. 8,156,712, and has not contributed to or induced and is not contributing to or inducing infringement of any valid and enforceable claim of the '712 patent.

G.  That the costs of this action be adjudged against Tower.

H.  That this case be adjudged and decreed exceptional pursuant to 35 U.S.C. §285, and that Aero be awarded its reasonable attorneys fees.

I.  That Aero be awarded other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38, Defendant-Counterclaimant Aero hereby demands a trial by jury on all issues so triable.

                                        Respectfully submitted,

Dated: July 6, 2012                    s/ J. Robert Chambers
                                        J. Robert Chambers
                                        bchambers@whe-law.com
                                        *Admitted pro hac vice*
                                        WOOD, HERRON & EVANS, L.L.P.
                                        2700 Carew Tower

441 Vine Street
Cincinnati, OH  45202
Telephone:  (513) 241-2324
Facsimile:  (513) 241-5960

Patricks A Shoulders
pshoulders@zsws.com
ZIEMER STAYMAN WEITZEL &
  SHOULDERS, LLP
20 N.W. First Street
P.O. Box 916
Evansville, IN  47706
Telephone:  (812) 424-7575
Facsimile:  (812) 421-5089

*Attorneys for Defendant*
*Aero Solutions, LLC*
1762406v1

## CERTIFICATE OF SERVICE

I certify that on the 6th day of July, 2012, a copy of the foregoing **Answer and Counterclaims of Aero Solutions, LLC to Complaint** was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Ross E. Rudolph, Esq.
Max E. Fiester, Esq.
**RUDOLPH, FINE, PORTER & JOHNSON, LLP**
rer@rfpi.com
mef@rfpj.com

Mathias W. Samuel, Esq.
Phillip W. Goter, Esq.
**FISH & RICHARDSON P.C.**
samuel@fr.com
goter@fr.com

*Attorneys for Plaintiff*
*Tower Reinforcement, Inc.*

Eric G. Soller, Esq.
Alan G. Towner, Esq.
Douglas M. Hall, Esq.
**PIETRAGALLO GORDSON ALFANO BOSICK & RASPANI, LLP**
EGS@Pietragallo.com
AGT@Pietragallo.com
DMH@Pietragallo.com

*Attorneys for Defendants*
*Crown Castle International Corp., Crown Castle Operating*
*Co. and Crown Castle USA Inc.*

Patrick A. Shoulders, Esq.
Jean M. Blanton, Esq.
**ZIEMER STAYMAN WEITZEL & SHOULDERS, LLP**
pshoulders@zsws.com
jblanton@zsws.com

*Attorneys for Defendant*

s/ J. Robert Chambers